■ SANDRA JACKSON, Respondent, v HARRY JACKSON, Appellant. [763 NYS2d 545] —Order, Supreme Court, New York County (Steven Liebman, Special Referee), entered on or about April 15, 2002, which, insofar as appealed from, awarded plaintiff past due salary, past due installments on her share of defendant's medical practice, and attorneys' fees, costs, and expenses, unanimously modified, on the law, to delete the awards for salary and attorneys' fees, costs, and expenses, and otherwise affirmed, without costs.

The parties' 1991 Amendatory Agreement provides that defendant would employ plaintiff as his bookkeeper for at least three years after their marriage ended, at a reasonable salary to be determined by the parties. Even though this employment agreement was for a definite term, defendant retained the right to terminate plaintiff for good cause (see 52 NY Jur 2d, Employment Relations § 74). Such good cause was clearly present here

given no dispute that plaintiff stopped working regularly and, when she did go to work, refused to speak to defendant (*see id.* § 94). Plaintiff's argument, and the Special Referee's finding, that the parties intended plaintiff's salary as another form of maintenance, and that plaintiff therefore was not required to work for her salary, is supported only by her attorney's affirmation, is contrary to the plain meaning of the language used, and is otherwise without merit.

Neither party is entitled to attorneys' fees, costs, or expenses under the 1990 Agreement because neither sent a notice of default under article XVI thereof, and also because neither prevailed in this litigation.

The Special Referee properly calculated the amount that defendant owes plaintiff on account of her share of his medical practice. Because the Agreement does not require plaintiff to send a notice of default before defendant is obliged to start paying plaintiff her share of his medical practice, we reject defendant's waiver and estoppel arguments. Concur—Nardelli, J.P., Mazzarelli, Friedman and Marlow, JJ.